FILED

2015 FEB 17 PM 3:32

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OLDCASTLE PRECAST, INC.**

    **Plaintiff,**

v.

**M.A. INDUSTRIES, INC.**

    **Defendant.**

_____/

Case No. 6:15-cv-237-ORL-37-DAB

**JURY TRIAL REQUESTED**
**INJUNCTIVE RELIEF REQUESTED**

## COMPLAINT

Plaintiff Oldcastle Precast, Inc., by and through its undersigned attorneys, for its Complaint against M.A. Industries, Inc. ("Defendant") states as follows:

### PARTIES

1. Plaintiff Oldcastle Precast, Inc. ("Oldcastle Precast") is a corporation formed under the laws of the state of Washington, having its principal place of business at 2808 A Street SE, Auburn, Washington, 98002, and having a sales office located at 726 W. Taft-Vineland Road, Orlando, Florida, 32824. Oldcastle Precast has a wholly owned subsidiary known as Meadow Burke, LLC ("Meadow Burke"), which manufactures and sells precast building materials for use in construction and related products, including pulling irons and pulling iron pockets covered by U.S. Patent No. 6,688,049. Meadow Burke is a limited liability company formed under the laws of the state of Delaware, having its principal place of business at 2835 Overpass Road, Tampa, Florida, 33619, and having a manufacturing plant located at 5110 Sante Fe Road, Tampa, Florida, 33619.

2. Upon information and belief, Defendant is a Georgia corporation with its principal place of business at 303 Dividend Drive, Peachtree City, GA 30269. Upon information and belief, Defendant does business in Florida and throughout the United States.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

6. Oldcastle Precast incorporates herein by reference each and every allegation in paragraphs 1 through 5.

7. U.S. Patent No. 6,688,049 ("the '049 Patent"), for a "Hook Facility for Concrete Structure," was duly and legally issued on February 10, 2004. A true and correct copy of the '049 Patent is attached hereto as Exhibit A. By assignment, Oldcastle Precast owns all right, title and interest in and to the '049 Patent.

8. Oldcastle Precast has appropriately marked product sold and distributed by Oldcastle Precast, including through its subsidiary Meadow Burke, with the '049 Patent, pursuant to 35 U.S.C. § 287.

9. Upon information and belief, after the '049 Patent issued, Defendant began manufacturing or selling a pulling iron and pulling iron pocket for use with concrete structures like the one shown and described in the '049 Patent. True and accurate photographs of Defendant's pulling iron and pulling iron pocket are attached hereto as Exhibit B (the "Accused Product").

10. Defendant has sold Accused Products that infringe the '049, and received profits as a result of those sales. Upon information and belief, Defendant began offering the Accused Product for sale at least as early as 2012, after the '049 Patent is issued.

11. Defendant has offered to sell and has sold the Accused Product in the state of Florida.

12. Oldcastle Precast, though its attorneys, notified Defendant of its infringement of the '049 Patent on August 1, 2014, and requested that Defendant cease all further infringement of the '049 Patent.

Defendant has refused to stop manufacturing or selling the Accused Products despite having received notice of the '049 Patent and its infringement of the same.

13. Defendant does not have and at no time has ever had any license or authorization from Oldcastle Precast to manufacture, have manufactured, import, offer for sale or sell products covered by the '049 Patent.

## CLAIM FOR RELIEF
### (Infringement of the '049 Patent)

14. Oldcastle Precast incorporates herein by reference each and every allegation in paragraphs 1 through 13.

15. Defendant's activities in making, using, selling and/or offering to sell in the United States, and/or importing into the United States the product depicted below constitutes direct infringement of the '049 Patent, in violation of 35 U.S.C. § 271(a).

16. Upon information and belief, Defendant is inducing direct infringement of the '049 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '049 Patent, in violation of 35 U.S.C. § 271(b).

17. Upon information and belief, Defendant is contributing to direct infringement of the '049 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '049 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '049 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

18. Upon information and belief, Defendant has acted in concert with others and has induced or contributed to the infringement of the '049 Patent by instructing use of the Accused Product in an infringing manner.

19. Defendant's actions of making, having made, importing, using or selling products which infringe the '049 Patent have been, and are, willful, deliberate and/or in conscious disregard of Oldcastle

Precast's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Oldcastle Precast to an award of its attorneys' fees and treble damages.

20. Defendant's infringement of the '049 Patent has caused damage to Oldcastle Precast and its subsidiary Meadow Burke in an amount to be ascertained at trial.

21. Defendant's infringement of the '049 Patent has caused and will continue to cause irreparable injury to Oldcastle Precast and its subsidiary Meadow Burke, to which there exists no adequate remedy at law. Defendant's infringement of the '049 Patent will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Oldcastle Precast requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed United States Patent No. 6,688,049;

B. Issuing a permanent injunction enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. 6,688,049, pursuant to 35 U.S.C. § 283;

C. Awarding Oldcastle Precast damages arising out of Defendant's infringement of United States Patent No. 6,688,049 in an amount not less than lost profits or a reasonable royalty for each act of infringement, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

D. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Oldcastle Precast;

E. Awarding Oldcastle Precast all compensatory, treble, punitive, statutory or other damages allowable under the law for the claims asserted against Defendant; and

F. Awarding Oldcastle Precast its costs and any further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Oldcastle Precast demands a trial by jury on all issues so triable.

Respectfully submitted February 17, 2015.

Ryan T. Santurri, FL Bar No. 015698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

*Counsel for Plaintiff,*
*Oldcastle Precast, Inc.*